THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2024 NOV 26 AM 10:00

BRUCE LADDEN, §
§
§
§
§
PLAINTIFF, §
§ 1:24-CV-1060-RP
V. §
§
AUSTIN WEST THIRD REAL ESTATE §
HOLDING, INC., CBRE, INC., and TK §
ELEVATOR CORPORATION. §
§
DEFENDANTS. §

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, BRUCE LADDEN ("PLAINTIFF"), by and through undersigned counsel, before this Honorable Court and asserts the following factual allegations and causes of action against Defendant, AUSTIN WEST THIRD REAL ESTATE HOLDING, INC., CBRE, INC., and TK ELEVATOR CORPORATION ("Defendants").

## I.
## PARTIES

1. Plaintiff BRUCE LADDEN is a natural person and resident of Hays County, Texas. The last three digits of BRUCE LADDEN's social security number are 346. Plaintiff is residing in the Western District of Texas.

2. Defendant Austin West Third Real Estate Holding, Inc. is a foreign company conducting business in the State of Texas. This Defendant has made an appearance in this case and is before the Court for all purposes.

3. Defendant CBRE, Inc. is a foreign company conducting business in the State of Texas. Upon information and belief, this defendant may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4. Defendant TK Elevator Corporation is a foreign company conducting business in the State of Texas. Upon information and belief, this defendant may be served with process through its registered agent, Prentice Hall Corporation SY, at 211 e. 7th Street, Suite 620, Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

5. Defendant Austin West Third Real Estate Holding, Inc. is a corporation organized under the laws of the state of Delaware, with its principle place of business located in New York City, New York.

6. Defendant CBRE, Inc. is a corporation organized under the laws of the state California, with its principle place of business located in Dallas, Texas.

7. Defendant TK Elevator Corporation is a corporation organized under the laws of the state Michigan, with its principle place of business located in Atlanta, Georgia.

8. Defendant Austin West Third Real Estate Holding, Inc. removed this case to the Court. Plaintiff agrees that jurisdiction is established pursuant to 28 U.S.C. § 1332 since there is diversity of parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Travis County, Texas, which is within the Judicial Circuit of the United States District Court for the Western District of Texas.

## III.
## FACTS

10. On July 27, 2023, Plaintiff Bruce Ladden was working as a security guard for Allied Universal in an office tower located at 607 W. 3rd St., Austin, Texas 78701 (the "Premises").

11. In the course of his ordinary duties inside the Premises, Plaintiff used one of the Premises' elevators (Elevator "C") to ascend from the 15th floor to the 18th floor.

12. Unbeknownst to Plaintiff, when Elevator C's doors opened, the elevator's floor surface was raised higher than the building's floor surface, creating an unreasonably dangerous tripping hazard.

13. As a result of this unreasonable and dangerous elevator condition, Plaintiff tripped as he entered the elevator, causing him to suffer serious personal injuries, harms, and damages, which continue to affect Plaintiff.

14. At all relevant times, Defendant Austin West Third Street Real Estate Holding, Inc. owned the Premises.

15. Defendant CBRE, Inc. served as the property management company for the Premises and was responsible for maintaining the safety and operability of the elevators.

16. Defendant TK Elevators Corporation was engaged by CBRE to provide inspection and maintenance for the elevators at the Premises.

17. At all relevant times, Defendants, individually and/or collectively, by and through their agents, servants, and/or employees, all of whom were acting within the course and scope of their employment, knew, or through the exercise of ordinary care and prudence should have known, that Elevator C posed a tripping hazard due to its misalignment.

18. Defendants failed to exercise reasonable care to inspect, repair, or warn of this dangerous condition, proximately causing Plaintiff's injuries.

# IV.
# CAUSES OF ACTION AGAINST ALL DEFENDANTS

## A. Negligence

19. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

20. Defendants owed duties of ordinary care to Plaintiff and other users and invitees and users of the Premises.

21. Defendants' conduct, as outlined above, breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question, and the resulting injuries or damages set forth herein:

(a) failing to maintain a safe environment for users of elevators within the Premises;

(b) failing to perform routine and reasonable inspection of the Premises' elevators to ensure that they worked properly and were safe for users;

(c) failing to properly, reasonably, and timely respond to reports of mechanical issues associated with its elevators within the Premises;

(d) failing to properly, reasonably, and timely warn elevator users of hidden dangerous conditions associated with the use of elevators within the Premises;

(e) failing to take reasonable and prudent measures to assess possible hazards and dangers of elevators within the Premises;

(f) failing to reasonably and prudently remedy known mechanical issues or operational problems with elevators within the Premises;

(g) failing to reasonably and prudently maintain elevators within the Premises;

(h) failing to use care to protect others, namely Plaintiff herein, from a peril when the peril was under the direct control of the Defendant;

(i) failing to provide care to avoid foreseeable risk of injury to users of elevators within the Premises, including Plaintiff herein;

(j) failing to provide any safety precautions to protect the health and safety of elevator users within the Premises, including Plaintiff herein, from hidden and inherently dangerous conditions within the Premises;

(k) failing to reasonably or prudently train employees, agents, or servants;

(l) failing to reasonably and prudently supervise employees, agents, or servants;

(m) failing to warn of dangerous hazardous conditions within the property;

(n) failing to warn Plaintiff of hidden dangers associated with the elevators within the Premises;

(o) failing to abide by applicable federal, state and/or local rules, codes, statutes, regulations, and/or ordinances for the safe operation, management, and maintenance of the subject elevator within the Premises;

(p) failing to keep the Premises, including its elevators, free of known hazards; and

(q) other acts and/or omissions so deemed negligent.

22. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered serious personal injuries and resulting damages in an amount to be determined at trial.

**B. Premises Liability**

23. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

24. Upon information and belief, Defendants owned, occupied, managed, and/or controlled the Premises and the area, the elevators, where Plaintiff was injured. The condition of the property and the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendants had actual knowledge, or reasonably should have known, of the unreasonably dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

25. Plaintiff was a lawful user and invitee of the premises in question. Defendants had a duty to either warn Plaintiff of the unreasonably dangerous condition, or make the unreasonably

dangerous condition reasonably safe. Defendants breached this duty by failing to warn Plaintiff of this known, unreasonably dangerous condition, and by failing to make the unreasonably dangerous condition reasonably safe.

26. Defendants' breach proximately caused Plaintiff's injuries, harms, and damages.

## V.
## DAMAGES

27. Plaintiff seeks to recover the following elements of damages:

***Plaintiff BRUCE LADDEN***

    (a) Reasonable and necessary medical treatment paid or incurred in the past;

    (b) Reasonable and necessary medical treatment which will be necessary in the future;

    (c) Past and future physical pain and suffering;

    (d) Past and future physical impairment;

    (e) Past and future physical disfigurement;

    (f) Past and future mental anguish;

    (g) Past and future loss of enjoyment of life;

    (h) Lost wages; and

    (i) Loss of earning capacity.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited according to law to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants as follows:

    (a) An award of actual damages;

    (b) An award of pre- and post-judgment interest; and

(c) All other relief the Court determines is just under the circumstances, whether in law or in equity.

Respectfully submitted,

**THE STEWART LAW FIRM, PLLC**

By: /s/ Stephen W. Stewart
Stephen W. Stewart, *Attorney-in-Charge*
Ryan P. Teel
Abraham Peña

4303 Russell Drive
Austin, Texas 78704
Phone: (512) 326-3200
Fax: (512) 326-8228
Attorney Direct: sws@thestewartlawfirm.net
Attorney Direct: rt@thestewartlawfirm.net
Attorney Direct: ap@thestewartlawfirm.net

**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on the all known counsel of record in accordance with the Federal Rules of Civil Procedure on this the 26th day of November, 2024, as follows:

*VIA E-SERVICE AND E-MAIL*
P. Brook Swilley
LAW OFFICE OF CONNIE SQUIERS
1299 Zurich Way, Suite 220
Schaumburg, IL 60196
Telephone: (713) 863-2235
Facsimile: (866) 743-0695
E-Service Only: usz.sltexas@zurichna.com
Attorney Direct: brook.swilley@zurichna.com
**ATTORNEY FOR DEFENDANT
AUSTIN WEST REAL ESTATE HOLDING, INC.**

*/s/ Stephen W. Stewart*
Stephen W. Stewart